IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY COLEY, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 06-085-JJF |
| ) | |
| JOHN NASH, Warden, ) | |
| and CARL C. DANBERG, Attorney ) | |
| General of the State of Delaware, ) | |
| ) | |
| Respondents ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. Dover police stopped Leroy Coley on April 24, 1998 for a traffic violation. Because Coley had no driver's license or other identification, the officer had Coley step out of the car. The officer then patted down Coley for weapons, and a chunk of crack cocaine fell out of Coley's pant leg onto the ground. Police then arrested Coley on drug and motor vehicle charges.

2. A state grand jury indicted Coley in August 1998, charging him with trafficking in cocaine, possession of cocaine with intent to distribute, maintaining a vehicle for keeping or distributing controlled substances, tampering with physical evidence, and improper lane change. A Superior Court jury in October 2004 convicted

Coley of possession of cocaine with intent to distribute, maintaining a vehicle for keeping or distributing controlled substances, and improper lane change. The trafficking charge had been dismissed by prosecutors (Tr. 57 (Oct. 18, 2004)), and the trial judge granted a defense motion for judgment of acquittal on the count charging Coley with tampering with physical evidence. Coley was sentenced in December 2004 to 10 years imprisonment, suspended after 2 years imprisonment for 2 years probation. Coley's convictions were affirmed on appeal. *Coley v. State*, No. 11, 2005 (Del. Oct. 18, 2005). As of June 6, 2006, Coley had not applied for state post-conviction relief under Superior Court Criminal Rule 61.

3. In his federal habeas petition, Coley first contends that the amount of time that transpired before his trial violated his rights under the Speedy Trial Clause and under the Interstate Agreement on Detainers (IAD) (codified at Del. Code Ann. tit. 11, §§2540-50). DI 1 at ¶12A; DI 2 at 1-6. These claims have not been presented to the state supreme court. A state prisoner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. §2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). In order to demonstrate that a claim has been exhausted in the Delaware state courts, the prisoner "must show that he presented each claim to the Delaware Supreme Court." *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002). Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy*, *supra*, or a stay of the federal habeas proceedings to allow

the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, Coley is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. Because Coley did not raise his speedy trial and IAD claims on direct appeal, the claims are procedurally defaulted under Superior Court Criminal Rule 61(i)(3). *See, e.g, McLaughlin v. Carroll*, 270 F.Supp.2d 490, 512-13 (D. Del. 2003).

    4. Thus, because there is no available state remedy, Coley is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). However, because Coley procedurally defaulted these two claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F.Supp.2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). Here, the record does not reveal any explanation for the procedural default, i.e., failing to present his

claims to the state supreme court on appeal, and Coley offers no explanation.[1] Because Coley has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal to the state supreme court, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F.Supp.2d at 513. Thus, consideration of Coley's speedy trial and IAD claims is precluded because he procedurally defaulted the claims in the state courts.

5. Coley's next contention is that the traffic stop by Dover police, the pat down of him by police, and the seizure of the crack cocaine violated the Fourth Amendment. DI 1 at ¶12B; DI 2 at 6-19. Coley presented this claim on direct appeal, thus exhausting state remedies. The problem for Coley is that having litigated the issue in the state courts, federal habeas relief is unavailable to him. Under *Stone v. Powell*, 428 U.S. 465 (1976), if the State provides an opportunity for full and fair litigation of a Fourth

---

[1] Coley admittedly makes a claim of ineffective assistance in his petition. DI 1 at ¶12D; DI 2 at 21-24. And ineffective assistance establishes cause for a procedural default. *E.g., Murray v. Carrier*, 477 U.S. 478 (1986); *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000); *Lines v. Larkins*, 208 F.3d 153, 166-67 & n.20 (3d Cir. 2000). The problem, as respondents see it, is that in his habeas petition, Coley only complains about counsel's performance at trial and says nothing about counsel's performance on appeal. Because claims of ineffective assistance are discrete, Coley's challenge to counsel's performance at trial can not be read to include any complaints about counsel's work on direct appeal. *See Gibson v. Scheidemantel*, 805 F.2d 135, 138-39 (3d Cir. 1986); *Kirk v. Carroll*, 243 F.Supp.2d 125, 137 (D. Del. 2003). Thus, there is no allegation in the petition of cause for the default that occurred on direct appeal when the speedy trial and IAD claims were not raised at that point. *See DeShields v. Snyder*, 830 F.Supp. 819, 823-24 (D. Del. 1993) (habeas court can not speculate about claims, but may only consider claims that are clearly presented in petition).

Amendment claim, then a federal court can not grant habeas relief on the basis that evidence obtained in an unconstitutional search or seizure was introduced at trial. Here, Coley moved under Superior Court Criminal Rule 41 to suppress the crack cocaine; Superior Court conducted a suppression hearing; and Coley challenged the lower court's ruling on appeal to the state supreme court. Coley patently had a full and fair opportunity to litigate his Fourth Amendment claim in the Delaware state courts, and federal habeas review of the Fourth Amendment claim is foreclosed. *E.g., Deputy v. Taylor*, 14 F.3d 1485, 1491 (3d Cir. 1994); *Gilmore v. Marks*, 799 F.2d 51, 56-57 (3d Cir. 1986); *Morris v. Kearney*, 390 F.Supp.2d 422, 428 n.2 (D. Del. 2005).

6. At trial, Coley's attorney moved for a judgment of acquittal on the count charging Coley with possession of cocaine with intent to distribute. Tr. 88 (Oct. 19, 2004). The trial judge denied the motion (Tr. 97-98 (Oct. 19, 2004)), and Coley was convicted of the charge. The issue, however, was not raised on direct appeal. In his petition for federal habeas relief, Coley charges that the evidence was insufficient to convict him of possession of cocaine with intent to distribute. DI 1 at ¶12C; DI 2 at 19-21. The claim, however, has not been presented to the state supreme court; Coley only raised a Fourth Amendment claim on direct appeal. Thus, the sufficiency of the evidence claim is unexhausted. *See Morris*, 390 F.Supp.2d at 427. If, however, there is no available state remedy, Coley is excused from the exhaustion requirement. *See id.* Because Coley did not raise this issue on direct appeal, the claim is procedurally

defaulted under Superior Court Criminal Rule 61(i)(3). *See id.; McLaughlin*, 270 F.Supp.2d at 512-13. Thus, because there is no available state remedy, Coley is excused from the exhaustion requirement. *See Morris*, 390 F.Supp.2d at 427. However, because Coley procedurally defaulted the claim in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. Here, the record does not reveal any explanation for the procedural default, i.e., failing to present his claims to the state supreme court on appeal, and Coley offers no explanation. Because Coley has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal to the state supreme court, this Court need not reach the question of whether he has shown any actual prejudice. Thus, consideration of Coley's sufficiency of the evidence claim is precluded because he procedurally defaulted the claim in the state courts. *See supra* at ¶4 & n.1; *Morris*, 390 F.Supp.2d at 427-28.

7. Coley's final claim is that counsel provided ineffective assistance at trial. DI 1 at ¶12D; DI 2 at 21-24. This claim too has not been presented to the state supreme court, and Coley, as a result, has not exhausted state remedies. But under clearly settled Delaware law, Coley can present his ineffective assistance claims to the state courts by means of a post-conviction motion under Superior Court Criminal Rule 61. *See, e.g., Flamer v. State*, 585 A.2d 736, 753 (Del. 1990). The time for filing a post-conviction

motion has not yet expired. Super. Ct. Crim. R. 61(i)(1).[2] In addition, as explained, for example, by this Court in *Lecates v. Carroll*, 2003 WL 22937779, at *4 (D. Del. Sept. 29, 2003), none of the other procedural bars in Criminal Rule 61(i) would apply to a claim of ineffective assistance raised by Coley. A fair reading of Criminal Rule 61 thus indicates that Coley can present his allegations of ineffective assistance to the state courts, and in the absence of a state court decision clearly foreclosing his return to the state courts, Coley has an available state remedy. *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Because Coley has an available state remedy, resort to which is not clearly foreclosed, by which to present his claim of ineffective assistance, the claim is unexhausted. In turn, because Coley's claims of ineffective assistance are not exhausted, the petition must be dismissed in its entirety unless Coley voluntarily dismisses the unexhausted claims.[3] *E.g., Rose*, 455 U.S. at 520-21; *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987).

---

[2]Under the rule, a prisoner has **one year** from the time that his conviction became final in which to file a state post-conviction motion. (The rule was amended in July 2005 to reduce the filing period to one year.) Coley's conviction became final, for purposes of the rule, in early November 2005 when the mandate issued by the state supreme court on Coley's direct appeal. Super. Ct. Crim. R. 61(m)(2). Thus, Coley has until early November 2006 in which to move for state post-conviction relief.

[3]Under *Rhines*, if the petition contains exhausted and unexhausted claims, a district court can, under very limited circumstances, stay the federal habeas proceedings pending exhaustion of state remedies to avoid barring from federal court a petitioner who has otherwise timely filed his petition. 544 U.S. at 277. That procedure is not available in Coley's case because he has not established good cause for failing to satisfy the exhaustion requirement. *See id.*

8. Based upon the Superior Court docket sheet, it appears that the transcripts of Coley's suppression hearing, trial and sentencing have been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court.

/s/ Loren C. Meyers
**Loren C. Meyers**
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

July 6, 2006



Not Reported in F.Supp.2d                                                                                                      Page 1

Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Martin W. LECATES, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A. 02-1567-JJF.**

Sept. 29, 2003.

Martin W. Lecates, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

*1 Petitioner Martin W. Lecates is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.s 4, 11.) For the reasons that follow, unless Petitioner voluntarily dismisses his unexhausted claims, the Court will dismiss the entire petition without prejudice for failure to exhaust state remedies.

### II. BACKGROUND

In December 2001, Petitioner was indicted for second degree rape and second degree sexual contact. On July 28, 2002, Petitioner pled guilty to one count of second degree rape. He was sentenced to twenty years imprisonment, to be suspended after ten years imprisonment, and then ten years combined home confinement and probation.

Petitioner appealed his sentence, asserting one claim that his counsel's ineffective assistance of counsel led to an involuntary plea and one claim for police misconduct. The Delaware Supreme Court affirmed his conviction. *Lecates v. State,* No. 478,2002 (Del. Mar. 4, 2003).

While the appeal was pending, Petitioner filed several Rule 61 motions for post-conviction relief. The Superior Court rejected the motions without prejudice because they were premature.

On October 28, 2002 and November 13, 2002, Petitioner filed two substantially similar habeas petitions, which the Court will regard as one all-inclusive petition.[FN1] (D.I.s 4, 11.) He appears to assert two claims for ineffective assistance of counsel and two claims regarding the police investigation. (*Id.*) Respondent contends that the ineffective assistance of counsel claims are unexhausted, and therefore, requests the Court to dismiss this mixed habeas petition. Respondent also asserts that Petitioner's police investigation claims do not provide a basis for federal habeas relief under 28 U.S.C. § 2254(d)(1). (D.I.16.)

> FN1. Petitioner filed an original federal habeas petition on October 28, 2002. (D.I.4.) At the same time, he filed the AEDPA election form indicating that he wanted to withdraw his § 2254 petition to file one all-inclusive petition in the future. *Id.* Then, on November 13, 2002, Petitioner filed a document titled "Motion for PostConviction Relief" with a heading for the Delaware Superior Court. (D.I.11.) In any event, the substance of both " petitions" is the same. (D.I.s 4, 11.)

### III. GOVERNING LEGAL PRINCIPLES

A federal district court may consider a habeas petition filed by a state prisoner only "on the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                 Page 2
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a court can reach the merits of a habeas petition, the court must first determine whether the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. The federal habeas statute states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give " state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

*2 To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are " substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Fair presentation also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The state courts do not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v.. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

### IV. DISCUSSION

In his habeas petition, Petitioner raises the following claims for relief:

(1) His attorney provided ineffective assistance of counsel because she did not discuss the rape case with him

(2) The police investigation led to two different charges and the deputy attorney general did not address this issue

(3) The police officer investigating the rape claim did not read Petitioner his Miranda rights and also coerced the victim

(4) His attorney did not adequately investigate the charges

Respondent argues that Petitioner did not fairly present the ineffective assistance of counsel claims to the Delaware Supreme Court. As a result, the ineffective assistance of counsels claim are unexhausted. Respondent argues that the Court must dismiss this mixed petition unless Petitioner voluntarily dismisses the unexhausted claims. Respondent further asserts that the police misconduct claims do not provide a basis for federal habeas relief under 2254(d)(1).

The Court agrees with Respondent's assertion that Petitioner did not exhaust state remedies with respect to the ineffective assistance of counsel claims. In Delaware, it is well-settled that an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Superior Court Criminal Rule 61. *Kendall v. Attorney General of Delaware*, 2002 WL 531221, at *4 n .2 (D.Del. Mar. 26, 2002). Claims alleging ineffective assistance of counsel will not be considered on direct appeal for the first time. *See, e.g., Duross v. State*, 494 A.2d 1265, 1267 (Del.1985); *Wright v. State*, 633 A.2d 329, 336 n. 14 (Del.1993).

By presenting these claims to the state supreme court on direct appeal, Petitioner did not utilize the correct procedural device permitting the Delaware courts to consider the ineffective assistance of counsel claims on the merits. *See Dickens v. Redman*, C.A. No. 91-90-SLR, at 8 (D.Del. Jan. 11, 1993). Indeed, the Delaware Supreme Court even stated that it could not consider the ineffective assistance of counsel claim for the first time on direct appeal. *Lecates*, No. 478,2002 at ¶ 5. As such, Petitioner did not exhaust state remedies with respect to these claims.

*4 According to Respondent, Petitioner may return to state court and raise the ineffective assistance of counsel claims in a Rule 61 post-conviction motion.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 4
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(D.I.16.) Respondent contends that although the Delaware Supreme Court stated that it would not consider the claim of ineffective assistance of counsel for the first time on direct appeal, this statement does not foreclose Petitioner's return to state courts. *O'Halloran v. Ryan,* 835 F.2d 506, 509 (3d Cir.1987) (the state supreme court "did not remand for a hearing, nor did it hold that the claim of ineffective assistance of counsel had been waived, nor did it preclude further consideration of the matter"); *Toulson v. Beyer,* 987 F.2d 984, 987-89 (3d Cir.1993).

The Court agrees with Respondent's assertion that Petitioner may present his ineffective assistance of counsel claims to the Superior Court in a Rule 61 motion. Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim, none of the bars apply in the present situation. *See* Super. Ct. R.Crim. P. 61(i); *Younger v. State,* 580 A.2d 552, 554 (Del.1990). First, the time for filing a post-conviction motion has not yet expired. Super. Ct. R.Crim. P. 61(i)(1). Second, these claims were not previously litigated, and thus, they are not barred by Rule 61(i)(4). Further, Rule 61(i)(2) does not bar further review because Petitioner has not yet asserted an appropriately filed post-conviction motion. Finally, Rule 61(i)(3) does not preclude further state releif because the appropriate method for raising an ineffective assistance of counsel claim is in a post-conviction proceeding, not in the proceeding leading up to the final judgment. *See Kendall,* 2002 WL 531221, at *4, n. 2 In short, because Petitioner has an available state remedy, he must exhaust this remedy before seeking federal habeas relief.

Respondent also contends that Petitioner has exhausted state remedies with respect to the police misconduct claims. If true, then Petitioner has presented this Court with a petition containing both exhausted and unexhausted claims ("mixed petition"). The Third Circuit requires a mixed petition to be dismissed without prejudice in order to permit the petitioner to exhaust state remedies. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Christy v. Horn,* 115 F.3d 201, 206, 207 (3d Cir.1997); *see also Brockenbrough v. Snyder,* 890 F.Supp. 342 (D.Del.1995)(where petitioner has not exhausted state remedies, a federal court may dismiss without prejudice in order to permit petitioner an opportunity to re-file his habeas petition after he exhausts available state remedies). Thus, the Court must now determine if Petitioner has, indeed, presented the Court with a mixed petition.

A thorough review of the record reveals that Petitioner did present his police misconduct claims to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies with respect to these claims. (D.I. 18, Appellant's Op. Br. in *Lecates v. State,* No.478,2002); *Lecates,* No. 478,2002, at ¶ 3. As a result, Petitioner has presented the Court with a mixed petition. Consequently, unless Petitioner decides to dismiss the unexhausted claims, the Court must dismiss the entire petition to permit Petitioner to return to the state courts to exhaust state remedies. *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987).[FN2]

> FN2. The Court acknowledges Respondent's argument that Petitioner's claims of police misconduct do not provide federal habeas relief under 28 U.S.C. § 2254(d). (D.I. 16 at ¶ 4.) Unfortunately, because the Court is required to dismiss this mixed petition at this point in time, the Court cannot address this contention.

*5 Before concluding, the Court must note the ramifications of either course of action. If Petitioner does decide to voluntarily dismiss the two unexhausted claims, those claims may thereafter be barred by the one-year time period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). If, however, Petitioner does not voluntarily dismiss the two unexhausted claims, and the Court dismisses the entire petition without prejudice, then all of the claims may thereafter be barred by the one-year filing period. *Id.* Thus, Petitioner must consider the effect of the one-year time period before responding to the Court.

V. Certificate of Appealability

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 5
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a " substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the Court concludes that Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. As a result, unless Petitioner voluntarily deletes the unexhausted claims, the Court must dismiss the entire petition without prejudice. Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. As such, unless Petitioner voluntarily dismisses his unexhausted ineffective assistance of counsel claims, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 must be dismissed without prejudice. Therefore, the Court will grant Petitioner twenty days to provide the Court with a written statement indicating whether he wishes to delete the unexhausted claims from his pending habeas petition. If Petitioner fails to inform the Court within the prescribed time period, the Court will dismiss without prejudice the petition in its entirety. Furthermore, the Court finds no basis for the issuance of a certificate of appealabilty. An appropriate order shall issue.

### ORDER

**\*6** For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Martin W. Lecates must inform the Court in writing within twenty days of the issuing date of this Memorandum Opinion if he wishes to voluntarily dismiss the unexhausted claims regarding ineffective assistance of counsel.

2. If the Court does not receive Petitioner's written statement within twenty days, then Petitioner Martin W. Lecates' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.s 4, 11.) will be DISMISSED without prejudice.

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2003.
Lecates v. Carroll
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01567 (Docket) (Oct. 22, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on July 6, 2006:

1. He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Leroy Coley
Reg. No. 04183-015
FCI Fort Dix
P.O. Box 7000
Ft. Dix, NJ  08640

2. He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

**Loren C. Meyers**
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us