IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEROY COLEY,
    Petitioner

        V.                          Civ. Act. No. 06-085-JJF

JOHN NASH, Warden;
and CARL C. DANBERG, Attorney
General of the State of
Delaware, Respondents



RESPONSE TO GOVERNMENT'S "ANSWER"
TO 28 U.S.C. § 2254

COMES NOW, Leroy Coley, Pro Se, to THE HONORABLE COURT, with

a RESPONSE TO GOVERNMENT'S "ANSWER" with the following:

1.    Officer Berna stopped the Petitioner on April 24, 1998, for a
      traffic violation; after first admitting at suppression and
      trial he intended to get behind the Petitioner and wait for
      him to commit a traffic infraction so the officer could pull
      him over and investigate (see B-1,2).  In Berna's own words,
      he intended to pull the vehicle over at the point he decided
      to follow the vehicle and not at the point a traffic
      violation occurred.  The stop was not reasonably related in
      scope to the justification for their intention.  In fact,
      Officer Berna said he believed Petitioner was who he said he
      was and at no time believed Petitioner to be an unlicensed
      driver (B-3,4).  Berna claiming he smelled burnt marijuana
      and claiming to be an "experienced" officer found no
      marijuana and collected no evidence he claimed he saw (cigars
      and the insides of cigars).

Judging by the "totality of the circumstances" and the officer's testimony, there was more to the stop than what he admits. The stop was admittedly "pretextual". Officer Berna was not deemed an expert witness (B-5), and stated someone's mental state is best left up to experts (B-6), but the officer stated "nervousness" was the reason for the stop. But "mere hunch", "unparticularized suspicion", and "nervousness" is not enough (see Initial Brief in Support of)

2. Respondents claim Petitioner is procedurally barred on his IAD/Speedy Trial claim unless he shows cause for the default and relies heavily on Lecates - WL 22937779 (D.Del), which is different in many ways.

Petitioner has no access to Delaware case law, statutes, remedies, etc... due to his incarceration at FCI Fort Dix, N.J.  Petitioner explained this in letters written to the court on October 26, 2005; November 18, 2005; March 2, 2006; and to "Pamela", a paralegal at Superior Court on January 9, 2006.  Besides, explained his lack of access to case law, statutes, remedies, etc...  He also asked for Appointment of Counsel and/or Amicus.

Petitioner wrote letters to counsel on December 20, 2004; December 28, 2004, and other occasions asking him to raise the claims and he agreed, but they were never presented (B-7, Dkt. No. 63,64,67).  Throughout Petitioner's suppression, trial, and appeal process it has been difficult to receive any transcripts, dockets, remedies, and/or cooperation with the court and/or Petitioner's attorney (B-8, Dkt. No. 43,44) B-7, Dkt. No. 63,64,67).  The Petitioner also filed motions

to file a "Pro Se Brief in Conjunction With Counsel" twice to be sure the claims were filed, on April 13, 2005 (B-9, Dkt. No. 11,12) and April 27, 2005 (B-10, Dkt, No. 16,17), and the court forwarded them to counsel for "an appropriate disposition" and the Petitioner received no response.

Petitioner had to get up and object to the proceeding of trial for the purpose of the IAD Violation/Speedy Trial Clause, not to mention the agreement by the court and Petitioner (B-11).

As prosecution agrees, ineffective assistance of counsel establishes cause for procedural default (See Murray v. Carrier, 477 U.S. 478 (1986); Werts v. Vaughn, 228 F.3d 178,193 (3d Cir. 2000); Lines v. Larkins, 208 F.3d. 153,166-67 In.20 (3d Cir. 2000)).

A criminal defendant is entitled to effective assistance of counsel at sentencing.

Glover v. United States, 531 U.S. 198,121 S.Ct. 696,148 L.Ed.2d. 604 (2001):

"A single serious error of counsel may violate the Sixth Amendment right to effective assistance. Murray v. Carrier, 477 U.S. 478,496 (1986); United States v. Cronic, 466 U.S. 648,657 n.20 (1984); United States v. Elliot Diaz, 1997 WL 180 334 (ED PA, Yohn, J.); see also Smith v. United States, 871 F.Supp. 251 (ED VA 1994)."

Roe v. Flores-Ortega, 145 L.Ed.2d. 985 (2000) states:

"Under the Federal Constitution's Sixth Amendment, of ineffective assistance of counsel, the complete denial of counsel during a critical stage of a judicial proceeding,

which includes appeal, mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable; moreover, the denial of the entire judicial proceeding, which a defendant has a right, demands a presumption of prejudice..."

Rodriguez v. Chandler, F.3d. 670,75 Cr.L. 615 (7th Cir. (2004): The court decided that being deprived of representation by a preferred attorney bears similarities to being represented by a conflicted attorney, and the court borrowed the "adverse impact" standard set out in Mickens v. Taylor, 535 U.S. 162,71 Cr.L. 3 (2002) for determining prejudice in cases involving counsel who suffered from conflicts of interest.

However, respondents say Petitioner only complains about counsel's performance at trial and says "nothing" about counsel's performance on appeal.

Petitioner states in the opening paragraph (Brief in Support of 2254, pg. 22) that counsel was constitutionally ineffective for failing to raise "any" and "all" claims that substantially affected Coley's rights and refers to (B-7 Dkt. No. 63,64,67), which covers sentencing issues, transcripts, request for a direct appeal, arguments for appeal, and states Petitioner addressed all issues with his counsel. Again, on the third paragraph the petitioner states how he made attempts to inform counsel and ask him of his intentions and refers to (B-7 Dkt. No. 63,64,67), followed by Petitioner asking counsel to exhaust "any" and "all" claims. None of Counsel's errors in this case can be championed as tactical

4

decisions.

Petitioner was subject to actual prejudice throughout the judicial proceedings, if not by the court, his counsel, which in turn caused procedural default, extreme prejudice, and violated his Fourteenth Amendment Due Process Clause. Petitioner's Counsel clearly neglected Petitioner, and his claims for appeal. At the very least, Petitioner shows he has tried to state his claims on direct appeal (Letters, and Petition to File Pro Se Brief in Conjunction With Counsel).

3.    The Respondents claim the Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, so it is foreclosed. Petitioner was neglected a full and fair opportunity that undermined the fundamental legality, reliability, integrity, and fairness of the court when the court forced the Petitioner into trial without his co-defendant Robert Hill, whom had already agreed to testify on the Petitioner's behalf and is currently in the military, so his testimony would have held great weight, which overlapped into the Speedy Trial Clause/IAD because the Petitioner had only agreed to waive his speedy trial (which was already violated) on the condition the court wait for his co-defendant. Petitioner objected to the proceeding of trial (B-    ). Officer Berna also "could not recall" many facts, which also added to the actual prejudice of the Petitioner.

Note:  Petitioner has yet to receive any of his Motion to Dismiss transcripts.

5

Again, at the very least, the Petitioner shows he was prejudiced and did not have a "full" and "fair" opportunity to litigate his Fourth Amendment violation claim and not to mention Fourteenth Amendment Due Process clause.

4.  The Petitioner told counsel to raise the claims on appeal (B-7, Dkt. No. 63,64,67). Petitioner asked to file a Pro Se Brief in Conjunction with Counsels Brief twice and the petitions were forwarded to the attorney with no response (B-9, Dkt. No. 11,12 (B-10, Dkt. No. 16,17). Again, during a critical stage of a judicial proceeding counsel failed to act as the Government's adversary and it cannot be championed as a tactical decision.

    So, the Petitioner's sufficiency claim cannot be precluded because the Petitioner, at the very least, tried to raise his claim on direct appeal.

5.  The respondent claims the Petitioner has not exhausted all state remedies. Petitioner has written the court asking for any and all State law, statutes, cases, remedies, etc... on October 26, 2005; November 18, 2005; March 2, 2006; and wrote a letter to a "Pamela", a paralegal at Superior Court January 9, 2006 (B-7, Dkt. No. 63,64,67).

_____

    Note:  Petitioner has not received all of the completed transcripts or docket sheets to refer back to, but has showed enough, at minimal, that he has attempted to have counsel appeal any and all claims, and counsel's ineffectiveness.

6

6.   Petitioner has demonstrated actual prejudice showing "not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.  See Murray v. Currier, 477 U.S. 478,488 (1986)

7.   Had Petitioner's co-defendant been allowed to testify, he could have proved "actual innocence" of the Petitioner, and things could have been extraordinarily different. Considering Petitioner's co-defendant would have testified, the jury's verdict could have been different and Petitioner could have actually been deemed innocent considering his credibility and the weight of his testimony.  See Murray v. Carrier, 477 U.S. at 496; Sweger v. Chesney, 294 F.3d. 506, 522-24 (3d Cir. 2002).

8.   In Green v. United States, 260 F.3d 78,82 (2d Cir. 2001), it reads as follows:

    "It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments they suggest.' Graham v. Henderson, 89 F.3d 75,79 (2d Cir. 1996); see Haines v. Kerner, 404 U.S. 519,520; 92 S.Ct. 594, 30 L.Ed.2d. 652 (1974) holding that allegations in a pro se complaint are 'held to a less stringent standard than formal pleadings drafted by lawyers.' ...We see no reason why the general rule should not apply to pro se motions filed."

The Supreme Court noted in South Dakota v. Opperman, 428 U.S.

364 (1976) as follows:

> "The standard of probable cause is particularly related to
> criminal investigations; not routine, non-criminal
> procedures. The probable cause approach is unhelpful when
> analysis centers upon reasonableness of administrative
> care-taking functions..."

Here Counsel was constitutionally ineffective for failing to
raise any and all claims that substantially affected the
Petitioner's rights, as asked. Counsel failed to have the court
make all of the requisite findings to support the sentence.

Petitioner has shown that he has made attempts to appeal the
claims presented in the 28 U.S.C. § 2254 (letters, filed a Pro Se
Brief IN Conjunction with counsel). In the Petitioner's opinion,
he made it clear that he was appealing "all" stages of the
judicial process, including the appeal process.

As in Green v. U.S., Pro Se litigants are entitled "to raise
the strongest arguments they suggest" and that a Pro Se complaint
is "held to a less stringent standard than formal pleadings
drafted by lawyers."

Petitioner wrote numerous letters to the Court, stating he
had no access to Delaware State Law, statutes, case law, etc...
and asked for any and all remedies available, which he has shown.

It is in the "interest of justice" that the Court correct
this "miscarriage of justice" because of the seriousness of the
constitutional violations that have "undermined the fundamental
legality, reliability, integrity, or fairness of the court."

At a minimal, the Petitioner should be granted a stay until
he exhausts the "available" post-conviction remedy or the

8

Petitioner's sentence vacated in the "interest of justice."

WHEREFORE, the Petitioner prays THE HONORABLE COURT grant his Petition.

On this __18__ day of __July__, 2006.

Leroy Coley #04183-015

F.C.I. Fort Dix

P.O. Box 7000

Fort Dix, N.J.   08640

CC.

9

CERTIFICATE OF SERVICE

I, _Leroy Coley_____, hereby certify that I have served a true and correct copy(ies) of the attached: _RESPONSE_ _To GOVERMENT'S "ANSWER" To 28 U.S.C 2254_____ upon the following parties/person(s):

TO: _L Meyers_____
_Department of Justice_
_State office Building_
_820 N, French St_
_Wilmington, Delaware 19801_

TO: _____
_____
_____
_____
_____

TO: _District Court_
_844 N, King St, LockBox 18_
_Wilmington, Delaware 19801-3570_

TO: _____
_____
_____
_____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. of Corrections.

On this _18_ day of _July_____, 200_6_.

_Leroy Coly_
Leroy Coley #0/185-015
FCI Ft. Dix Westside 5851
P.O Box 7000
Ft. Dix, N.J 08640

CC:



U.S.M.S.
X-RAY

U.S. POSTAGE
PAID
TRENTON, NJ
DATE
JUL 24
AMOUR

08640

0000 0002

UNITED STATES
POSTAL SERVICE

RECEIVED LETTER WAS PROCESSED
THROUGH SPECIAL MAIL PROCEDURES

FOR FORWARDING (SEM) MAILROOM
P.O. BOX 11
FORT DIX, NEW JERSEY 08640

1/22/06

Coley #04183-015
_____ Correchonal Institution
Box 2000 West 5851
Dix, N.J. 08040

Clerk of the Court
District Court
844 N. King St., Lock Box 18
Wilmington, Delaware 19801-3570

# EXIHIƟITS

# β = 1 — 11

41

1      A.    It wasn't a minute, but I couldn't tell you the

2    exact amount of time; a substantial amount to me.

3      Q.    Okay.  Were you applying your brakes to slow down

4    to 20?

5      A.    Yes.

6      Q.    And they were, in kind, slowing down about the

7    same rate of speed; is that right?

8      A.    Yes.

9      Q.    So whatever the length of time it takes to slow

10    from 40 miles an hour to 20 miles an hour using your

11    brakes would be about the length of time that they were

12    parallel or next to you on the highway; is that fair to

13    say?

14      A.    I was only adjacent to them briefly.

15      Q.    Briefly?

16      A.    Yes.  Enough to notice their actions -- which

17    caught my eye, and that's when I perceived I better slow

18    down.

19      Q.    Okay.  And at that point you decided to abandon

20    the other call; is that right?

21      A.    For a small amount of time, yes.

22      Q.    Okay.  It was your intention at that point to get

23    behind this vehicle and follow it?

42

1      A.    Yes.

2      Q.    And your intention was to pull it over --

3      A.    Yes.

4      Q.    -- if it committed any minor traffic violations

5    so you could investigate?

6      A.    Yes.

7      Q.    How long did you follow this vehicle until it, in

8    fact, committed a traffic violation?

9      A.    It was a short distance.

10     Q.    A short distance?

11     A.    Yes.

12     Q.    Now, I'm somewhat confused.  You say that the

13   vehicle pulled over into a turn lane?

14     A.    Yes.

15     Q.    Is it an actual turn lane, or is it the right

16   lane of the highway?  I'm just --

17     A.    An actual turn lane.

18     Q.    It's an actual turn lane.  There's how many lanes

19   on that stretch of 13?

20     A.    Three, plus a turn lane.

21     Q.    Three, plus a turn lane.  And they were in the

22   far right lane?

23     A.    Yes.

1    Defense Exhibit 1.

2          THE CLERK:   It's been marked as Defense Exhibit

3    Number 1, Your Honor.

4          (Whereupon, Defense Exhibit 1 was marked.)

5          THE COURT:   Thank you.

6    BY MR. DONOVAN:

7      Q.    That ticket has certain information on it with

8    regard to the driver and the owner of the vehicle; is

9    that right?

10     A.    Yes.

11     Q.    Can you tell us who the owner of the vehicle is?

12     A.    Spallco Rental Cars.

13     Q.    And also, is there a driver's license number on

14   there?

15     A.    Yes.

16     Q.    Okay.  Is that the -- is that Mr. Coley's

17   driver's license number, to your understanding?

18     A.    Yes.

19     Q.    And at no time during the evening did you believe

20   that Mr. Coley was an unlicensed driver; is that fair to

21   say?

22     A.    That would be fair to say.

23     Q.    Okay.  You didn't ticket him for not having a


ELIZABETH D. SAINT-LOTH, RPR
Official Court Reporter

1    valid license in his possession; is that right?

2    A.    No, I did not.

3    Q.    You didn't ticket him for a failure to use a

4    signal; is that right?

5    A.    No.

6    Q.    And as Miss Schmidhauser pointed out, you are

7    familiar with traffic laws and you understand what they

8    are?

9    A.    Yes.

10    Q.    All right.  After you removed Mr. Coley from the

11    vehicle, you directed him to the rear of the vehicle; is

12    that right?

13    A.    Yes.

14    Q.    And you did a pat down, a weapons search?

15    A.    Yes.

16    Q.    Still under arrest for the unsafe lane change?

17    A.    Yes.

18    Q.    Okay.  Can you recall what type of clothing he

19    was wearing?

20    A.    No, I can't.  I can't recall exactly what he was

21    wearing.

22    Q.    He was wearing pants, not shorts?

23    A.    I can't recall what he was wearing exactly.

1       A.      Marijuana, crack cocaine, heroin.

2       Q.      Are you familiar with what crack cocaine looks

3   like?

4       A.      Yes.

5       Q.      And in your 12 years as a police officer,

6   approximately how many drug-related arrests have you

7   made?

8       A.      I don't keep count, but I would assume in the

9   hundreds.

10      Q.      How many of those specifically involved crack

11  cocaine?

12      A.      The majority.

13          MS. SCHMIDHAUSER:  Your Honor, the State requests

14  that this witness be an expert witness -- certified as

15  an expert.

16          THE COURT:  Any voir dire by the defendant?

17          MR. DONOVAN:  Not at this time, Your Honor.

18          THE COURT:  All right.

19          MS. SCHMIDHAUSER:  Your Honor, at this point the

20  State will withdraw that request to have him certified

21  as an expert.

22          THE COURT:  All right.

23  BY MS. SCHMIDHAUSER:



1      MS. SCHMIDHAUSER:  No further questions.

2      THE COURT:  Mr. Donovan, any recross?

3      MR. DONOVAN:  If I may, Your Honor.

4      THE COURT:  You may.

5                          RECROSS

6  BY MR. DONOVAN:

7      Q.   Just to clarify, the subjects in the car looked

8  nervous but they weren't paranoid?  They didn't appear

9  paranoid?

10     A.   They were nervous.  Paranoid is somewhat

11 different than being nervous.

12     Q.   Okay.  Is that an area of expertise that you

13 don't have, better left to the mental health officials?

14     A.   I would agree, yes.

15     Q.   Okay.  So if someone who is a user and is

16 somewhat paranoid, do you think it would be more

17 comforting for a crack user to smoke in the confines of

18 their own home or on the roads of U.S. 13 northbound?

19     A.   I would assume in their own home.

20     Q.   Okay.  He didn't appear unkempt to you, but you

21 can't remember what he was wearing; is that correct?

22     A.   Correct.

23     MR. DONOVAN:  Okay.  Nothing further.

SUPERIOR COURT CRIMINAL DOCKET                          Page    5
( as of  03/09/2005 )

- tate of Delaware v.  LEROY COLEY                              DOB: 11/13/1975
  .ate's Atty: ROBERT J O'NEILL , Esq.        AKA:
  Defense Atty: , Esq.

```
        Event
No.     Date           Event                                Judge
-----------------------------------------------------------------------------
        SUBPOENA(S) ISSUED.
55      10/13/2004                                    WITHAM WILLIAM L. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 10/18/04
56      10/18/2004                                    WITHAM WILLIAM L. JR.
        TRIAL CALENDAR- WENT TO TRIAL JURY
57      10/18/2004                                    WITHAM WILLIAM L. JR.
        MOTION TO SUPPRESS DENIED.
58      10/19/2004                                    WITHAM WILLIAM L. JR.
        JURY TRIAL HELD 10/19/04. JURY FOUND THE DEFENDANT GUILTY OF ALL
        CHARGES. SUPRESSION HEARING HELD ON 10/18/04. MOTION DENIED. JUDGMENT
        OF ACQUITTAL ON ALL COUNTS WAS DENIED EXCEPT FOR IK98-05-0290 WAS
        GRANTED AND DISMISSED BY JUDGE WITHAM. S/S. SCHMIDHAUSER D/T. DONOVAN
        CR/E. SAINT-LOTH CC/B. HOLCOMB
59      10/19/2004
        CHARGE TO THE JURY FILED.
60      10/26/2004                                    WITHAM WILLIAM L. JR.
        STATE'S LETTER TO JUDGE WITHAM RE: STATE WITHDRAWS IT'S REQUEST TO
        REVOKE BAIL. APPROVED.
        12/03/2004                                    WITHAM WILLIAM L. JR.
        CONTINUANCE REQUEST FILED BY THOMAS DONOVAN, ESQ.; GRANTED BY JUDGE
        WITHAM; DEFENSE ATTORNEY AT CLE; SENTENCE 12/16/04 AT 9 AM
62      12/16/2004                                    WITHAM WILLIAM L. JR.
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
63      12/20/2004
        DEFENDANT'S LETTER TO THOMAS DONOVAN, ESQUIRE, FILED.
        RE: RECENT SENTENCING. PLEASE SEND COPY OF APPEAL.
64      12/20/2004
        DEFENDANT'S LETTER TO THOMAS DONOVAN, ESQUIRE, FILED.
        RE: SENTENCING ISSUES,; REQUEST FOR TRIAL TRANSCRIPTS; REQUEST FOR A
        DIRECT APPEAL; AND ARGUMENTS FOR APPEAL.
65      12/27/2004
        NOLLE PROSEQUI FILED BY ATTORNEY GENERAL AS TO IK98-05-0287
66      12/27/2004
        MOTION FOR REDUCTION AND/OR MODIFICATION OF SENTENCE FILED (PRO SE).
67      12/28/2004
        DEFENDANT'S LETTER TO THOMAS DONOVAN, ESQUIRE, FILED
        RE: REQUEST CONCERNING APPEAL.
68      01/07/2005
        AGREEMENT ON DETAINERS.
69      01/12/2005
        NOTICE OF APPEAL FILED #11, 2005
70      01/12/2005
```



SUPERIOR COURT CRIMINAL DOCKET                    Page     4
                    ( as of  03/09/2005 )

tate of Delaware v. LEROY COLEY                          DOB: 11/13/1975
.ate's Atty: ROBERT J O'NEILL , Esq.        AKA:
Defense Atty: , Esq.

       Event
No.   Date         Event                              Judge
-----------------------------------------------------------------------
42   05/12/2004                                  VAUGHN JAMES T. JR.
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONT. 5/21/04.
        DEFENDANT'S REQUEST-WITNESS/VICTIM UNAVAILABLE.
        CONTINUED UNTIL 5/21/04 AT 10:00 DURING MOTION HEARINGS.
        TO DETERMINE STATUS OF DEFENSE MILTIARY WITNESS.  ANG MEMBER
        ACTIVATED FOR MILITARY SERVICE.
43   05/17/2004
        DEFENDANT'S LETTER TO KEVIN HOWARD, ESQUIRE
        RE: CHAIN OF CUSTODY AND POLICE REPORT.
44   05/21/2004                                  VAUGHN JAMES T. JR.
        CASE REVIEW CALENDAR FINAL CASE REVIEW CONT. 7/28/04 & TRIAL 8/2/04.
        ATTORNEY UNPREPARED FOR TRIAL
        DEF. WITNESS ROBERT HILL COULD NOT BE LOCATED OR VERIFIED THAT HE
        WAS A MEMBER OF THE DE ARMY NATIONAL GUARD.  FCR & TRIAL DATES SCHED.
45   06/01/2004
        MOTION TO WITHDRAW AS COUNSEL FILED BY KEVIN HOWARD, ESQ.
46   06/04/2004                                  RIDGELY HENRY DUPONT
        MOTION TO WITHDRAW AS COUNSEL GRANTED.  CONTROL DATE 060904 TO
        DETERMINE COUNSEL.
     06/09/2004                                  RIDGELY HENRY DUPONT
        TRIAL CALENDAR/CONTROL:  CR 071304
        FCR 072804
        TR 080204
48   07/13/2004                                  WITHAM WILLIAM L. JR.
        CASE REVIEW CALENDAR CONTINUED 7/16. COURT'S REQUEST - DEFENDANT NOT
        TRANSPORTED.
49   07/16/2004                                  RIDGELY HENRY DUPONT
        CASE REVIEW CALENDAR CONTINUEDDEFENDANT'S REQUEST-ATTY. ON VACATION.
        FCR 081104
        TR 081604
50   07/29/2004
        SUBPOENA(S) ISSUED.
51   08/11/2004                                  VAUGHN JAMES T. JR.
        FINAL CASE REVIEW:  NO PLEA/SET FOR FCR & TRIAL 8/16/04.
52   08/13/2004                                  VAUGHN JAMES T. JR.
        CONTINUANCE REQUEST FILED BY THOMAS DONOVAN, ESQ.; DENIED BY JUDGE
        VAUGHN; UNTIMELY AND NEEDS FURTHER EXPLAINING
53   08/16/2004                                  VAUGHN JAMES T. JR.
        TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
        AWAITING LAB RESULTS.
        FCR 10/27, TRIAL 11/1/04
54   10/07/2004



IN THE SUPREME COURT OF THE STATE OF DELAWARE

011 , 2005

T. D. DONOVAN

LEROY COLEY,                              HDR
           Defendant Below,
           Appellant,
    v.

J. R. WILLIAMS

STATE OF DELAWARE,
           Plaintiff Below,
           Appellee.

DF $ 00.00

2005

| | | | |
|---|---|---|---|
| 1 | Jan | 07 | Notice of appeal from the sentence imposed 12/16/04, in the Superior Court, in and for Kent County, by Judge Witham, in Cr.ID No. 9804018111. (served by mail 1/7/05) (eas) |
| 2 | Jan | 07 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (service shown on court reporter by mail 1/7/05) (eas) |
| 3 | Jan | 11 | Letter dated 1-11-05 from Clerk to Jennie Washington, the transcript is due to be filed by 2-21-05. (clh) |
| 4 | Jan | 12 | Affidavit of attorney pursuant to Rule 26(e) by Thomas D. Donovan, Esquire. (served by mail 1/12/05) (clh) |
| 5 | Mar | 04 | Court reporter's final transcript log entry: Prothonotary received 3/4/05. (eas) |
| 6 | Mar | 04 | Letter dated 3/4/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 3/14/05. (eas) |
| 7 | Mar | 10 | Record w/ transcript. (eas) |
| 8 | Mar | 10 | Brief schedule issued. (opening brief due 4/11/05) (eas) |
| 9 | Apr | 08 | Motion for Leave to File Out of Time by appellant. (served by hand on 4/8/05) (eas) |
| 10 | Apr | 11 | Order dated 4/11/05 by Ridgely, J., appellant's opening brief and appendix are due 4/25/05 (afb). |
| 11 | Apr | 13 | Document entitled "Motion Seeking Leave to File a Pro Se Brief In Conjunction With Appellant Counsel" by Leroy Coley. (eas) |
| 12 | Apr | 13 | Letter dated 4/13/05 from Senior Court Clerk to Thomas Donovan, Esquire, forwarding Mr. Coley's document for appropriate disposition. (eas) |

**B-9**

| 13 | Apr | 25 | Motion for Leave to File Out of Time by appellant. (served by hand 4/25/05) (eas) |
| 14 | Apr | 26 | Order dated 4/26/05 by Ridgely, J., appellant's opening brief and appendix are due 4/26/05. (eas) |
| 15 | Apr | 26 | Appellant's opening brief and appendix. (served by mail 4/26/05) (eas) |
| 16 | Apr | 27 | Document entitled "Motion Seeking Leave to File Pro Se Brief in Conjunction with Appellate Counsel" by Leroy Coley. (eas) |
| 17 | Apr | 29 | Letter dated 4/29/05 from Senior Court Clerk to Thomas Donovan, Esquire, forwarding Mr. Coley's document for appropriate disposition. (eas) |
| 18 | May | 23 | State's answering brief & appendix. (served by mail 5/23/05) (dlc) |
| 19 | Jun | 02 | Notice dated 6-2-05 from Clerk to counsel, the case will be submitted for decision on briefs as of 6-22-05. (clh) (MTS,RJH,JBJ) |
| 20 | Jun | 21 | Memo dated 6/21/05 from Justice Ridgely, noting his disqualification in the case. Counsel notified. (eas) |
| 21 | Jul | 05 | Letter dated 7-5-05 from Clerk to counsel, the Panel has requested oral argument in this matter. (clh) |
| 22 | Jul | 12 | Notice of oral argument dated 7-12-05 from Clerk to counsel on 8-11-05. (clh) |
| 23 | Jul | 14 | Appellee's acknowledgment of oral argument on 8/11/05 at 10:00 a.m. (served by mail 7/14/05) (eas) |
| 24 | Jul | 21 | Appellant's acknowledgment of oral argument on 8/11/05 at 10:00 a.m. (service shown)(clh) |
| 25 | Aug | 11 | Argument held. Before Chief Justice Steele, Justice Holland, Justice Jacobs. Argued by: T.D. Donovan- J. Williams. (dlw) |
| 26 | Aug | 22 | Order dated 8/22/05 by Steele, C.J., REMANDED with jurisdiction retained. The Superior Court shall file its report to this Court within 60 days. (MTS,RJH,JBJ) (eas) |
| 27 | Aug | 23 | Record and certified copy of Order dated 8/22/05 to clerk of court below. Jurisdiction is retained. Case due to be returned by 10/21/05. (afb). |
| 28 | Aug | 24 | Prothonotary's receipt of record and certified copy of Order on 8/24/05. (eas) |
| 29 | Sep | 13 | Findings of Fact and Conclusion of Law by Judge Witham returning this matter from remand. (eas) |

B-10

69

1    MS SCHMIDHAUSER: Thank you, your Honor
2    MR. DONOVAN: Thank you, your Honor.
3    THE COURT: But on the blunts, on the seeds,
4    that s granted.
5    MR. DONOVAN: Thank you, your Honor
6    THE COURT: Okay. Now, with respect to the
7    proposed voir dire, although there's no objection, I have a
8    problem with No. 1. I'd recommend that you -- that we
9    simply put a period at "taken." It may be a little bit
10   confusing for some jury members to understand what is meant
11   by perpetuator.
12   MR. DONOVAN: Okay.
13   THE COURT: So, I think it does present -- what
14   you want to say simply, if we just say, "Have you or any
15   family member or close friend ever been a victim in a crime
16   or incident which involves drugs, whether or not any legal
17   action was ever taken?" period. Okay?
18   MR. DONOVAN: That's fine.
19   THE COURT: That should get after what you're
20   trying to do.
21   Okay. Is that it?
22   MS. SCHMIDHAUSER: Yes. Just so I'm sure, we're
23   just going to do jury selection this afternoon and start

70

1    openings and all the testimony tomorrow; is that correct?
2    THE COURT: Well, if we keep delaying matters
3    further, that's what's going to happen here.
4    MS. SCHMIDHAUSER: I just wanted to make sure,
5    because the officer does have an obligation at three o'clock
6    this afternoon. I want to make sure I'm right when I tell
7    him he does not need to come back until tomorrow morning.
8    THE COURT: All right. We'll take testimony
9    tomorrow, then.
10   Now, what about opening remarks today? Can we do
11   those today, or would you rather do it tomorrow?
12   MR. DONOVAN: I think, for me, I'd rather do it
13   tomorrow, but I will -- I will defer to the Court.
14   THE COURT: All right. I'll allow opening
15   remarks -- that is, opening statements to be made as well as
16   the actual case beginning tomorrow. Okay.
17   MS. SCHMIDHAUSER: At ten o'clock, your Honor?
18   THE COURT: Ten o'clock. Okay.
19   MR. DONOVAN: Your Honor, Mr. Coley does want to
20   address the Court, I believe -- and I will tell you, I don't
21   mean to hold the Court up, but Mr. Coley's reiterated that
22   he's only agreed to waive speedy trial to get Mr. Hill, his
23   codefendant, here. In my opinion, at this point, Mr. Hill's

71

1    not necessary. I'm prepared to go forward. Mr. Coley may
2    wish to use that statement down the road, I guess, depending
3    on the outcome of the trial. But he wanted to address the
4    Court so he could be understood that he has only waived
5    speedy trial up to this point in order to get Mr. Hill here
6    to testify.
7    THE COURT: But, apparently, you're unable to get
8    Mr. Hill, despite your best efforts.
9    MR. DONOVAN: Right, we've not gotten any
10   correspondence. I've not. Mr. Coley has indicated that
11   he's gotten letters and that he's due to be back in the
12   States in March.
13   THE COURT: In March of what year?
14   MR. DONOVAN: Of next year.
15   THE COURT: Next year, all right. I mean, I'll
16   assume those facts are correct for purposes of his motion.
17   Does he still want to proceed?
18   MR. DONOVAN: Mr. Coley would like a continuance
19   until that witness could be available. But as I said, I've
20   not gotten any --
21   THE DEFENDANT: My mother is here. We have
22   correspondence with Robert Hill.
23   THE COURT: What is it that Mr. Hill would say if

72

1    he was called as a witness? What's your proffer of proof?
2    THE DEFENDANT: Well --
3    MR. DONOVAN: Essentially, just to have the story
4    told from the -- I guess from the different perspective than
5    State's witness.
6    THE COURT: Just for the story to be told?
7    MR. DONOVAN: Yeah, of the factual events. I
8    mean, at this point, I'm prepared to say that I would not
9    deem his testimony necessary. I'm not trying to sandbag my
10   client here, but as --
11   THE COURT: Is this witness expected to exonerate
12   Mr. Coley?
13   MR. DONOVAN: I don't have any -- I can't say
14   whether or not --
15   THE COURT: I need a factual basis. I find none.
16   Therefore, we're going to proceed. Thank you.
17   (Hearing concluded.)

Exhibit C

02/10/2005 04:34:46 PM