IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEROY COLEY,                          :
                                      :
            Petitioner,               :
                                      :
      v.                              :      Civ. Act. No. 06-85-JJF
                                      :
JOHN NASH, Warden, and ATTORNEY       :
GENERAL OF THE STATE OF DELAWARE,     :
                                      :
            Respondents.              :

---

Leroy Coley.  Pro se Petitioner.

Loren C. Meyers, Chief of Appeals Division, DELAWARE DEPARTMENT
OF JUSTICE, Wilmington, Delaware.  Attorney for Respondents.

---

**MEMORANDUM OPINION**

September [7], 2007
Wilmington, Delaware

Farnan, Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Leroy Coley.  (D.I. 1.)  For the reasons discussed,
the Court will dismiss the Petition and deny the relief
requested.

I.   FACTUAL AND PROCEDURAL BACKGROUND

     In April 1998, a Dover Police Officer stopped Petitioner for
a traffic violation.  While approaching the car, the Officer
smelled an odor of burnt marijuana.  When asked by the Officer,
Petitioner was unable to produce a driver's license or any other
form of identification.  The Officer then asked Petitioner to
step out of the vehicle, and the Officer performed a pat-down
search of Petitioner for weapons.  During the search, a piece of
crack cocaine fell from Petitioner's pant leg.  The Officer
arrested Petitioner on drug and motor vehicle charges.  See
generally Coley v. State, 886 A.2d 1277, (Table), 2005 WL 2679329
(Del. Oct. 18, 2005).

     A Delaware grand jury indicted Petitioner in August 1998,
charging him with trafficking in cocaine, possession of cocaine
with intent to distribute, maintaining a vehicle for keeping or
distributing controlled substances, tampering with physical
evidence, and an improper lane change.  The Superior Court
granted a prosecutorial motion to dismiss the trafficking charge,

as well as a defense motion for judgment of acquittal on the count charging Petitioner with tampering with physical evidence. In 2004, a Superior Court jury convicted Petitioner of possession of cocaine with intent to distribute, maintaining a vehicle for keeping or distributing controlled substances, and improper lane change.   In December 2004, the Superior Court sentenced Petitioner to 10 years imprisonment, suspended after 2 years of imprisonment for 2 years probation.  Id.

Petitioner filed a direct appeal, arguing that: (1) the Police Officer lacked probable cause to search Petitioner; and (2) the Officer's warrantless arrest was illegal.  The Delaware Supreme Court affirmed Petitioner's convictions and sentences. Id.

In February, 2006, Petitioner filed the instant Petition. (D.I. 1.)   The State filed an Answer, asserting that the Petition should be dismissed, and Petitioner filed a Response in protest. (D.I. 16;  D.I. 20.)

## II.   EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law.  28 U.S.C. § 2254(b);  O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);  Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by "fairly

presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense

impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

4

## III.  DISCUSSION

Petitioner asserts the following grounds for habeas relief: (1) the amount of time that elapsed between Petitioner's Indictment and trial violated his rights under the Speedy Trial Clause contained in the Interstate Agreement on Detainers; (2) the Superior Court violated Petitioner's Fourth Amendment rights by denying his motion to suppress the evidence obtained during the illegal warrantless search; (3) there was insufficient evidence to support Petitioner's conviction for possession of cocaine with intent to distribute; and (4) trial counsel provided ineffective assistance for "failing to raise any and all claims that substantially affected [Petitioner's] rights," and for failing to assert the issues requested by Petitioner on appeal. (D.I. 2.)

### A.  Claims One, Three, And Four Are Procedurally Defaulted

Petitioner did not present Claims One and Three to the Delaware Supreme Court in his direct appeal, and he did not present Claim Four to the Delaware state courts in a post-conviction proceeding pursuant to Rule 61.  At this juncture, Delaware court procedural rules would bar Petitioner from pursuing further state court review of the claims.[1]

---

·Further state court review of Claims One and Three is barred by Delaware Superior Court Criminal Rule 61(i)(3) because Petitioner did not raise these claims on direct appeal.  See Kendall v. Attorney General of Delaware, 2002 WL 531221, at *4. Further review of Claim Four is barred by Delaware Superior Court

Consequently, Claims One, Three, and Four are deemed exhausted but procedurally defaulted, and the Court cannot review the merits of the three claims unless Petitioner demonstrates cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result absent such review.

The Court will first consider Petitioner's procedural default of Claim Four. The State filed its Answer in July 2006, explaining that Claim Four was unexhausted but not yet procedurally defaulted because Petitioner still had an opportunity to present his ineffective assistance of counsel claim to the Delaware state courts. The State explained that Petitioner could either voluntarily dismiss Claim Four from the Petition or exhaust state remedies by filing a Rule 61 motion in the Superior Court by November 2006. The State also explained that the Court could not stay the habeas proceeding while Petitioner was exhausting state remedies because Petitioner did not have good cause for his failure to exhaust Claim Four.

Petitioner filed a Response to the State's Answer in August 2006, conceding that Claim Four was unexhausted and acknowledging his ability to present Claim Four to the Delaware state courts. Petitioner's nine-page Response also includes one brief sentence asking the Court to stay his habeas proceeding in order for him

---

Criminal Rule 61(i)(1) because the one-year limitations period for filing a timely Rule 61 motion has expired.

to exhaust state remedies for Claim Four.[2]

In February 2007, after noting that the record in this case did not indicate whether Petitioner ever filed a Rule 61 motion by the November 2006 deadline, the Court ordered Petitioner to explain if he had exhausted state remedies for Claim Four, and if he had not, to assert cause and prejudice for his default of Claim Four.  Petitioner did not respond to the Order, and the Court construes Petitioner's failure to file a response to the February 2007 Order to mean that Petitioner did not exhaust state remedies for Claim Four.[3]  Consequently, given Petitioner's failure to provide any reason for the Court to apply the exceptions to the procedural default doctrine, the Court concludes that Claim Four is procedurally barred from habeas review.[4]

_____

[2]Petitioner has not filed a formal motion requesting a stay of his habeas proceeding.

[3]On February 27, 2007, an attorney from Pennsylvania filed a letter explaining that he expected to represent Petitioner and he unofficially asked the Court for a two-week extension of time to seek admission pro hac vice.  (D.I. 25.)  The Court granted the attorney's request in an Order dated March 27, 2007 and gave the attorney until April 6, 2007 to apply for and obtain admission pro hac vice.  (D.I. 28.)  In the same Order, the Court also informed Petitioner and the attorney that a statement regarding the exhaustion of remedies had to be filed by either one of them by April 9, 2007.  The attorney never applied for admission pro hac vice, and also never filed a statement regarding exhaustion, and Petitioner did not file a response regarding the exhaustion of state remedies.

[4]Considering that Petitioner's ability to exhaust state remedies for Claim Four became barred during the pendency of the

As for his procedural default of Claims One and Three,
Petitioner attempts to establish cause by blaming his counsel for
failing to present these two claims to the Delaware Supreme Court
in his direct appeal.  However, because Petitioner's ineffective
assistance of counsel claim (Claim Four) is itself procedurally
defaulted, counsel's allegedly deficient performance cannot
excuse Petitioner's default of Claims One and Three.  See Edwards
v. Carpenter, 529 U.S. 446, 453-54 (2000).

Finally, the miscarriage of justice exception does not
excuse Petitioner's default of Claims One, Three, and Four
because he has not asserted a colorable claim of actual
innocence.  Thus, the Court will deny Claims One, Three, and Four
as procedurally barred.

---

instant proceeding, the Court recognizes a potential argument
that Petitioner was "waiting" for the Court to either deny or
grant his request for a stay before filing a Rule 61 motion in
the Superior Court.  However, it is well-settled that habeas
petitioners must exercise reasonable diligence in exhausting
state remedies (at least for equitable tolling purposes), and
that petitioners are not entitled to stay their habeas
proceedings if they have engaged in "intentionally dilatory
litigation tactics."  LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir.
2005);  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Therefore,
the Court finds that waiting for the Court to take action on a
one-sentence request buried in a nine-page Reply cannot excuse
Petitioner's procedural default, especially when Petitioner knew
that he had a limited time-frame in which to exhaust state
remedies.  By choosing inaction over action, Petitioner failed to
diligently pursue his claims, and even if he was "waiting" for
the Court, such "waiting" does not constitute an external
impediment preventing Petitioner from timely filing a Rule 61
motion in the Superior Court.

### B.  Claim Two

In Claim Two, Petitioner contends that the Superior Court violated his Fourth Amendment rights by denying his motion to suppress the cocaine that was seized prior to his warrantless arrest.  Petitioner exhausted state remedies for Claim Two by presenting it to the Delaware Supreme Court on direct appeal. Nevertheless, pursuant to Stone v. Powell, 428 U.S. 465, 494 (1976), a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts.  Stone, 428 U.S. at 494;  see also Wright v. West, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under Mapp [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review.")  The "full and fair opportunity to litigate" requirement is satisfied if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure.  See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978);  Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir. 1977).  In the Third Circuit, a petitioner can avoid the Stone bar only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim;  "[a]n erroneous or summary resolution by a state court of

a Fourth Amendment claim does not overcome the [Stone] bar."
Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002).

Here, Petitioner filed a pre-trial suppression motion
concerning the cocaine seized during the warrantless search and
arrest.  The Superior Court held an evidentiary hearing on the
motion, during which both Petitioner and the arresting Officer
testified, and the state court ultimately denied the suppression
motion.  On direct appeal, the Delaware Supreme Court held that
the trial judge misunderstood the facts surrounding the search
because the judge believed that the contraband had fallen out of
Petitioner's pant leg as he got out of the car, when in fact, the
contraband had fallen out of Petitioner's pant leg during the
Officer's pat down search.  Therefore, the Delaware Supreme Court
remanded the case back to the Superior Court for reconsideration
of the suppression motion.  Coley v. State, No. 11,2005 Order
(Del. Aug. 22, 2005).

On remand, the Superior Court concluded that the suppression
motion had been properly denied because the Officer had
reasonable grounds for the pat-down search of Petitioner.
Thereafter, the Delaware Supreme Court affirmed Petitioner's
conviction and sentences.  See generally Coley, 2005 WL 2679329.

Based on this record, the Court concludes that the Delaware
courts provided Petitioner with an adequate forum to present his
Fourth Amendment claims.  The Court also rejects Petitioner's

10

contention that the Delaware state courts did not fairly and
fully litigate his Fourth Amendment claim due to the fact that
his trial proceeded without the testimony of the other individual
who was in his automobile at the time of the alleged Fourth
Amendment violation.  (D.I. 13.)  Simply stated, Petitioner has
failed to demonstrate how the absence of the other individual at
trial constituted a structural defect in the state courts' review
of his suppression motion.  Therefore, the Court will deny Claim
Two as barred by Stone.

IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254
petition, the court must also decide whether to issue a
certificate of appealability.  See Third Circuit Local Appellate
Rule 22.2.  A certificate of appealability is appropriate when a
petitioner makes a "substantial showing of the denial of a
constitutional right" by demonstrating "that reasonable jurists
would find the district court's assessment of the constitutional
claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a
habeas petition on procedural grounds without reaching the
underlying constitutional claims, the court is not required to
issue a certificate of appealability unless the petitioner
demonstrates that jurists of reason would find it debatable: (1)
whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Petitioner's habeas claims do not warrant relief.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.