IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


LEROY COLEY

        Petitioner             Civ. Act. No. 06-85-(JJF)

      V.

JOHN NASH, Warden, and

ATTORNEY GENERAL OF

THE STATE OF DELAWARE,

        Respondents



FILED

OCT - 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

PETITION FOR
RECONSIDERATION


    COMES NOW, Leroy Coley, prose, asks the Honorable Court for a RECONSIDERATION pursuant to Federal Rules of Civil procedure and other rules deemed necessary by the court for the following reasons:


## Questions Asked

1. Why the court denied Coley his Fifth Amendment Due Process after acknowledging Coley asked for a stay and/or a chance to go back and exhaust his state remedies, considering him being a prose litigant without access to Delaware procedures, rules, etc. ?

2. Why the Court did not recognize Coley

1

being a prose litigant, and should not of been held to such stringent standards, which is well established through out all circuits, and the Supreme Court?

3. Why the District Court allowed the lower court to have blatant disregard for the law towards Coley even after direct evidence presented by Coley denicing him numerous Constitutional Rights, along with blatant ineffectiveness of counsel?

## ARGUMENTS

WHY DID THE COURT DENIED COLEY HIS FIFTH AMENDMENT DUE PROCESS AFTER ACKNOWLEDGING COLEY ASKED FOR A STAY AND/OR A CHANCE TO GO BACK AND EXHAUST HIS STATE REMEDIES, CONSIDERING HIM BEING A PRO SE LITIGANT WITHOUT ACCESS TO DELAWARE PROCEDURES, LAWS, ETC. ---?

1. Due to the "extraordinary circumstances" petitioner asks the court to Reconsider his dismissal of §2254. Petitioner asked for a stay and/or a chance to go back and exhaust his state remedies in his §2254, which the

2

Court acknowledges, Petitioner was not aware he had to file a seperate Petition or notified, because as repeatedly stated, petitioner does not have access to Delaware state procedures, local rules, laws, case law, etc..... and wrote the court numerous times asking for any and all remedies available on October 24, 2005; November 18, 2005, March 2, 2006, and a "Pamela" in the paralegal department in Superior Court on January 9, 2006. (see response to governments for exhibits)

Petitioner has exercised "due diligence" in trying to use the proper procedures and remedies necessary to get a "just" decision. It will truly be a "miscarriage of justice" not to allow the Petitioner his Fifth Amendment Due Process.

Petitioner even hired an attorney by the name of Thomas R. Quinn, which to Petitioners understanding was going to respond to the court order and go back and exhaust Petitioner's state remedies. Petitioner was not even aware Mr. Quinn did not file a response to the court order until he wrote the court and recieved a letter dated September 7, 2007, and the court stating a response had to be presented regardless. see Ex. 1-5 So, Petitioner immediatly sent a Petition asking the court to accept his response and an actual response on September 15, 2007. see Ex. 6-14

Note: Petitioner is willing + Petition to withdrawl 3254, if court would allow

In the response the Petitioner again asks for a stay and/or a chance to exhaust his state remedies.

Petitioner recieved a letter from Mr. Quinn on September 24, 2007 dated September 21, 2007 asking him to wait on filing a complaint, or he would not be able to help him. Ex. 15 That clearly shows along with the letters docketed with the court Ex. 5 Petitioner immediatly filing a petition and a Response when aware Ex. 6-14 Mr. Quinn knew he was suppose to file the Response and the Petitioner wanted the Response filed, so he would have a chance to exhaust his State remedies. as stated in the Response filed by the Petitioner. Ex. 10-14

WHY THE COURT DID NOT RECOGNIZE COLEY BEING A PRO SE LITIGANT, AND SHOULD NOT OF BEEN HELD TO SUCH A STRINGENT STANDARD, WHICH IS WELL ESTABLISHED THROUGH OUT ALL CIRCUITS, INCLUDING THE SUPREME COURT

The court acknowledges Petitioner asking for a stay on his §2254, so he can exhaust his state remedies. Petitioner is a prose litigant and should not be denied his Fifth Amendment Due Process due to

4

"particularity" and/or "technicalities." The court recognizes Petitioners request, which should of construed it as the proper request and allowed him a chance to exhaust his state remedies. Petitioner excercised "due diligence" due to him writing numerous letters to the court asking for any and all remedies available due to his lack of access to Delaware state laws, local rules, procedures, etc...on October 26, 2005, November 18, 2005, March 3, 2006, and a "Pamela" in paralegal department in the Superior Court on January 9, 2006. Petitioner did what he could including hiring an attorney, which proved meaningless. (see §2254 for exhibits)

## WHY THE DISTRICT COURT ALLOWED THE LOWER COURT TO HAVE BLATANT DISREGARD FOR THE LAW TOWARDS COLEY EVEN AFTER DIRECT EVIDENCE PRESENTED BY COLEY DENYING HIM NUMEROUS CONSTITUTIONAL RIGHTS ALONG WITH BLATANT INEFFECTIVNESS

Petitioner presented direct and circumstantial evidence that he was denied numerous Constitutional Rights along with the blatant disregard for the law by the lower court. Petitioner presented numerous

5

exhibits along with his #2254 and was willing
to go back and give the lower court a chance
to remedy their wrongs. The District Court has
the authority to correct "any" "miscarriage of
justice" and restore order.

Petitioner's then attorney Mr. Donovan contributed
to the violation of his Constitutional Rights by
not responding to the lower courts response when
the Supreme Court kicked the case back down to
the lower court because apparently they saw a
flaw in the decision of the lower court, so the
Supreme Court of Delaware had no other choice than
to go with the lower courts decision. Petitioner
tried to respond, which is docketed with the court,
but was told by the court it had to go through
his attorney. (see #2254) Petitioner's then attorney,
also proceeded without his co-defendant, which was
the only reason Petitioner agreed to waive his speedy
trial. Petitioner objected numerous times, and his co-defendant
would of been considered a "very" credible witness
due to him being in the military and Petitioner had
constant contact with him. (see exhibit in #2254) The
lower Court had misconstrued many facts.

## CONCLUSION

6

Due to the "extraordinary circumstances" of the ineffectiveness by Mr. Quinn, it has surely "infringed" on Petitioners Fifth Amendment Due Process and "fundamental fairness" to Petitioner. Petitioner clearly excercised "due diligence" and tried to seek out any and all remedies available and was not able to, so in turn, hired Mr. Quinn and is suffering "undue prejudice" due to his ineffectiveness for failing to exhaust his state remedies and is being denied his Fifth Amendment Due Process, which will surely result in a "miscarriage of justice". It is in the "intrest of justice" because of the seriousness of the constitutional violations that have "undermined the fundamental legality, reliability, integrity, or fairness" of the court that at a minimal the case be re-opened and Petitioner be allowed to go back and exhaust his state remedies and/or Petitioner's §2254 granted and sentence vacated and/or any other relief deemed necessary by the court.

WHEREFORE, Petitioner prays the court grant his petition.

CC:    on this 27 day of September    7

# CERTIFICATE OF SERVICE

I, Leroy Coley, pro se, declare that the foregoing is true and correct under penalty of perjury.

On this 27 day of September

Leroy Coley #04183-015
FCI-Ft. Dix 5812 West
P.O. Box 2000
Ft. Dix, New Jersey 08640

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK OF COURT

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

September 7, 2007

TO:   Leroy Coley

*RE: Status of CA 05-85:*

Dear Mr. Coley:

This office received a letter from you requesting the status of your case. At this time, no response letter has been filed with the Court.

I trust that this letter answers your questions concerning this matter. Nothing contained in this letter is intended to express an opinion as to the merits of any claim which you may be alleging.

Sincerely,

PETER T. DALLEO
CLERK OF THE COURT

enc: Docket Sheet

$Ex. 1$

HABEAS, PaperDocuments

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00085-JJF
## Internal Use Only

Coley v. Attorney General of the State of Delaware
Assigned to: Honorable Joseph J. Farnan, Jr.
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/07/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

### Petitioner

**Leroy Coley**

represented by **Leroy Coley**
#04183-015
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
PRO SE

V.

### Respondent

**Attorney General of the State of Delaware**

represented by **Loren C. Meyers**
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801
(302) 577-8500
Email: loren.meyers@state.de.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Respondent

**Warden John Nash**

represented by **Loren C. Meyers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2006 | ◑1 | PETITION for Writ of Habeas Corpus - filed by Leroy Coley.(mwm, ) (Entered: 02/09/2006) |
| 02/07/2006 | ◑2 | MEMORANDUM of Law in Support re 1 Petition for Writ of Habeas Corpus filed by Leroy Coley. (Attachments: # 1 Exhibits)(mwm, ) |

Ex. 2

| | | (Entered: 02/09/2006) |
|---|---|---|
| 02/07/2006 | ❹3 | Letter to Clerk from Leroy Coley regarding Errors - re 2 MEMORANDUM in Support. (mwm, ) (Entered: 02/09/2006) |
| 02/07/2006 | ❹4 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (mwm, ) (Entered: 02/09/2006) |
| 02/10/2006 | ❹5 | MOTION for Leave to Proceed in forma pauperis - filed by Leroy Coley. (dab, ) (Entered: 02/15/2006) |
| 02/15/2006 | ❹ | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 02/15/2006) |
| 02/22/2006 | ❹6 | ORDER, granting request to proceed informa pauperis and notifying petitioner that AEDPA applies to petition. Petitioner must file attached election form with the court. (Copy to pet. with Mag. Consent Form & AEDPA Form) Notice of Compliance deadline set for 3/30/2006. Signed by Judge Joseph J. Farnan, Jr. on 02/22/06. (Attachments: # 1 aedpa) (afb, ) (Entered: 02/23/2006) |
| 03/08/2006 | ❹7 | Letter to The Clerk of the Court from Leroy Coley, dated 03/02/06 , to supplement 2254 petition in the future with State Court transcripts. (afb, ) Modified on 3/15/2006 (afb, ). (Entered: 03/09/2006) |
| 03/08/2006 | ❹8 | AEDPA Election Form filed by petitioner and requesting to amend 2254 to include all grounds within 30 days. (afb, ) (Entered: 03/09/2006) |
| 03/08/2006 | ❹9 | ACKNOWLEDGEMENT OF RECEIPT for AO Form 85. Acknowledgement filed by Leroy Coley. (afb, ) (Entered: 03/09/2006) |
| 03/09/2006 | ❹10 | MOTION for Appointment of Counsel or Amicus - filed by Leroy Coley. (afb, ) Additional attachment(s) added on 3/14/2006 (afb, ). (Entered: 03/10/2006) |
| 03/14/2006 | ❹ | CORRECTING ENTRY: clerk removed the incorrect pdf to D.I. 10 and added the correct pdf. (page 2 of motion was missing) (afb, ) (Entered: 03/14/2006) |
| 03/15/2006 | ❹ | CORRECTING ENTRY: Clerk updated the docket text of Letter (D.I. 7) to reflect supplement to 2254 petition. (afb, ) (Entered: 03/15/2006) |
| 05/12/2006 | ❹11 | ORDER, Clerk shall serve by certified mail a copy of the petition, memorandum in support (D.I. 2), the order dated 02/22/06,the AEDPA election form and this order upon the Warden and the Attorney General. Within 45 days of receipt, respondents shall respond as directed. (Copy to petitioner, Warden & AG). Signed by Judge Joseph J. Farnan, Jr. on 05/12/06. (afb, ) (Entered: 05/15/2006) |
| 05/16/2006 | ❹ | Remark: Clerk sent by certified mail copies of: Petition (D.I. 1), Memorandum in Support (D.I. 2), Order (D.I. 6), AEDPA (D.I. 8), Order (D.I.11) to the Warden and Attorney General of the State of Delaware. (afb, ) (Entered: 05/16/2006) |
| | | |

| 05/19/2006 | 🔵12 | Postal Receipt(s) for the mailing of process to John Nash. (afb, ) (Entered: 05/22/2006) |
|---|---|---|
| 05/19/2006 | 🔵13 | Postal Receipt(s) for the mailing of process to Attorney General of the State of Delaware. (afb, ) (Entered: 05/22/2006) |
| 05/24/2006 | 🔵14 | Return of Service Executed ( 2254 petition ) Attorney General of the State of Delaware served on 5/23/2006, answer due 7/7/2006. (afb, ) (Entered: 05/24/2006) |
| 05/30/2006 | 🔵15 | Return of Service Executed ( 2254 petition ) John Nash served on 5/23/2006, answer due 7/7/2006. (afb, ) (Entered: 05/31/2006) |
| 07/06/2006 | 🔵16 | RESPONSE to Petition for Writ of Habeas Corpus by Attorney General of the State of Delaware, John Nash.(Meyers, Loren) (Entered: 07/06/2006) |
| 07/06/2006 | 🔵17 | NOTICE of filing the following document(s) in paper format: Del. Supreme Ct. Records. Original document(s) on file in Clerk's Office. Notice filed by Loren C. Meyers on behalf of Attorney General of the State of Delaware, John Nash (Meyers, Loren) (Entered: 07/06/2006) |
| 07/06/2006 | 🔵18 | STATE COURT RECORD filed by Attorney General of the State of Delaware (Record on file in Clerk's Office) (afb, ) (Entered: 07/06/2006) |
| 08/01/2006 | 🔵19 | Letter to Clerk of Court from Pltf regarding date Government's answer received. (dab, ) (Entered: 08/03/2006) |
| 08/01/2006 | 🔵20 | Response to Government's Answer to 28 U.S.C. 2254 filed by Leroy Coley. (Attachments: # 1 Exhibit)(dab, ) (Entered: 08/03/2006) |
| 08/17/2006 | 🔵21 | ORDER denying without prejudice to renew 10 Motion to Appoint Counsel . Signed by Judge Joseph J. Farnan, Jr. on 8/17/06. (dab, ) (Entered: 08/17/2006) |
| 10/30/2006 | 🔵22 | Letter to Clerk of Court from Leroy Coley regarding delay in receiving mail. (dab, ) (Entered: 10/31/2006) |
| 02/06/2007 | 🔵24 | ORDER for State to file documents, NO LATER THAN 2/28/2007, contained in State Court Record that correspond to listed Docket Entries in Superior Court Crim. Docket for State v. Coley, IK98050287 through IK98050291. D.I. 28; D.I. 33; D.I. 35; D.I. 36; D.I. 37; D.I. 39; D.I. 40; D.I. 41; D.I. 42; D.I. 44; D.I. 63; D.I. 64; D.I. 66; D.I. 67; D.I. 68. (See Order for Further Details). Signed by Judge Joseph J. Farnan, Jr. on 2/6/2007. (lec) (Entered: 02/07/2007) |
| 02/07/2007 | 🔵23 | ORDER for Petitioner Leroy Coley to inform the Court, in writing, NO LATER THAN 2/28/2007, if he has exhausted state remedies for Claim Four in his Petition. If remedies were exhausted, attach Delaware state court judgments. If Petitioner did not present claim of ineffective assistance to Delaware courts, Petitioner shall include in his statement any cuase for failing to do so and any prejudice he has suffered from that failure. Signed by Judge Joseph J. Farnan, Jr. on 2/6/2007. (lec) (Entered: 02/07/2007) |

E x. 4

| | | |
|---|---|---|
| 02/07/2007 | ❹ | Set/Reset Deadlines: Notice of Compliance deadline set for 2/28/2007 regarding D.I. 23 AND D.I. 24. (lec) (Entered: 02/08/2007) |
| 02/27/2007 | ❹25 | Letter to Judge Joseph J. Farnan, Jr. from Thomas R. Quinn regarding Request for Extension of Time to arrange for admission pro hac vice. (lec) (Entered: 02/27/2007) |
| 02/28/2007 | ❹26 | NOTICE of filing the following document(s) in paper format: Certified Copies of Specified Del. Superior Ct. Documents. Original document(s) on file in Clerk's Office. Notice filed by Loren C. Meyers on behalf of Attorney General of the State of Delaware, John Nash (Meyers, Loren) (Entered: 02/28/2007) |
| 03/01/2007 | ❹27 | STATE COURT RECORD filed by Attorney General of the State of Delaware, John Nash. (Record on file in Clerk's Office) (lec) (Entered: 03/06/2007) |
| 03/27/2007 | ❹28 | ORDER regarding D.I. 25 permitting Atty Thomas R. Quinn unitl 4/6/2007 to enter an appearance on behalf of Petitioner. Regardless of whether Atty Thomas R. Quinn applies for and obtains admission pro hac vice or whether he does not, a response to the Court's Order of 2/6/2007 D.I.23 on Petitioner's behalf shall be filed by 4/9/2007. Signed by Judge Joseph J. Farnan, Jr. on 3/27/2007. (lec) (Entered: 03/28/2007) |
| 06/13/2007 | ❹29 | Letter to Clerk of Court from Leroy Coley regarding address change. (lec) (Entered: 06/17/2007) |
| 07/09/2007 | ❹30 | Letter, dtd 6/19/2007, to Thomas R. Quin from Leroy Coley regarding status of case. (lec) (Entered: 07/10/2007) |
| 07/30/2007 | ❹31 | Letter with attachments, dtd, 7/24/2007, to the Court from Leroy Coley regarding legal materials. (lec) (Entered: 08/01/2007) |

Ex. 5

LEROY COLEY

    Petitioner

    v.

ATTORNEY GENERAL

OF THE

STATE OF DELAWARE

CIVIL CASE No. 1:06-CV-085(JJF)

JURY TRIAL DEMANDED

## PETITION FOR COURT
## TO ACCEPT RESPONSE TO
## COURT ORDER

COMES NOW, Leroy Coley, prose, asks the Honorable court to accept his PETITION FOR COURT TO ACCEPT RESPONSE TO COURT ORDER pursuant to Federal Rules Appellant/Civil procedure or any other rules deemed necessary by the court as follows:

① Petitioner recieved a letter from the court upon the Petitioner's request asking if the court order was answered on April 9, 2007, as ordered by the court by his attorney, Mr. Quinn on September 14, 2007 and was told that his attorney (Thomas R. Quinn) had not responded to the order signed by the Honorable Joseph J. Farnan on March 27, 2007.

EX. 6

2. Petitioner paid the required retainer for (2800.00) Mr. Quinn, in turn, Mr. Quinn filed for "extension of time" on February 7, 2007 and for "admission pro hac vice". Petitioner specifically asked Mr. Quinn if he was going to file the letter and he responded "Yes, and do not file anything further."

3. Petitioner wrote two letters; one dated July 7, 2007 dated June 19, 2007 and one on July 30, 2007 dated July 24, 2007. Petitioner's family has called Mr. Quinn numerous times and have phone records to support it. Petitioner also filed a letter with the Office of Proffessional Responsibility on and is looking to file with the American Bar Association. Petitioner has of yet to hear from Mr. Quinn.

## CONCLUSION

Petitioner asks the court to grant his Petition and to accept his response to the court order due to the "extraordinary circumstances" and "fundamental fairness" to the Petitioner. Petitioner's attorney's ineffectiveness surely infringed on Petitioner's due process and the "integrity of the court."

Ex. 7

WHEREFORE, Petitioner prays the court grants his petition.

on this 15 day of September

L. Col
Leroy Oley #04183-015
FCI Ft. Dix
P.O Box 2000 /5812 West
Ft. Dix, New Jersey 08640

cc:

Ex. 8

# CERTIFICATE OF SERVICE

I, Leroy Coley, declare under the penalties of perjury that the foregoing is true and correct

On this 15 day of September

CC:

Ly Coly

Leroy Coley #04183 - 015

FCI Ft. Dix

P.O Box 2000

Ft. Dix, New Jersey 08640

Ex. 9

DISTRICT OF DELAWARE

LEROY COLEY

     Petitioner     | CIVIL ACTION No: 1:04-CV-085 (JJF)

    V.     | JURY TRIAL DEMANDED

ATTORNEY GENERAL

OF THE

STATE OF DELAWARE

## RESPONSE TO COURT
## ORDER

COMES NOW, Leroy Coley, prose, asks the Honorable Court to accept his RESPONSE TO COURT ORDER under Federal Rules Appellant / Civil procedure and any other rules deemed necessary by the court as follows:

1. Petitioner is incarcerated a FCI Ft. Dix, P.O.Box 2000, Ft.Dix New Jersey 08640 in a Federal Facility and does not have access to State of Delaware laws, case laws, Rules and procedures, statues, etc.

2. Petitioner was not aware he had to Post-Conviction Relief first due to the lack of state Remedies available at his place of incarceration. Petitioner is suffering "undue prejudice" for failing to exhaust state remedies because his claims

EX. 10

might not be heard by the District Court and
get a "just" decision.

3. Petitioner stated in his response to Respondents
why his state remedies were not exhausted and
his failure to present an ineffective assistance
of counsel. Petitioner also asked for a stay and
a chance to go back and file his Post-Conviction,
so in a sense the court order was answered
in Petitioner's response and should be accepted
by the court.

4. Petitioner's ineffective assistance is clear and
blatant. Petitioner has wrote letters to the court
requesting his attorney for, and to do, numerous
things and which were not responded to as
stated in Petitioner's intial brief.
   Petitioner went to trial so he surely wanted to
exhaust any and all remedies, and if he was aware,
would of exhausted all of his state remedies
available.

5. Petitioner wrote numerous letters to the court
explaining his limited access to the courts on
October 26, 2005, November 18, 2005, March 2, 2006

Ex. 11

and to "Pamela" a paralegal at Superior Court on January 9, 2006, asking for any and all remedies available. Petitioner also also asked for Appointment of Counsel and/or Amicus. (see response to goverment for exhibits)

## CONCLUSION

Due to Petitioner's failure to exhaust state remedies and file ineffectiveness has infringed on his due process and "Fundamental Fairness" to Petitioner. Petitioner went to trial, so it is clear Petitioner has intended to exhaust any and all remedies available.

Petitioner wrote numerous letters to the court stating he had no access to Delaware State Law, statues Rules and Proudures, case law, etc--- and asked for any and all remedies available, which he has shown in his response to the goverment and was not ever informed or notified.

It is in the "intrest of justice" because of the seriousness of the constitutional violations that have undermined the fundamental legality, reliability, integrity, or fairness of the court" that at a minimal, asks the court to accept his response, put a stay of his §2254 and allow the Petitioner to exhaust his state

remedies and/or grant Petitioner's §2254 and vacate Petitioner's Sentence in the "intrest of Justice"

WHEREFORE, Petitioner prays the Honorable Court grant his Petitions.

on this 15 day of September

Leroy Coley ᵃ 04183-015
FCI Ft. Dix
P.O Box 2000 / 5812 West
Ft. Dix, New Jersey 08640

CC:

Ex. 13

# CERTIFICATE OF SERVICE

I , Leroy Coley, declare that the foregoing is true and correct under the penalties of perjury.

on this 15 day of September

Leroy Coley # 04183-015
FCI Ft. Dix
P. O Box 2000/5812 West
Ft. Dix, New Jersey 08640

CC:

Ex. 14

# THOMAS R. QUINN
ATTORNEY AT LAW

TWO PENN CENTER
SUITE 1516
PHILADELPHIA, PENNSYLVANIA 19102
215-568-1300
FAX 215-568-1995

September 21, 2007

Leroy Coley
04183-015
FCI-Fort Dix 5812 WEST
P.O. Box 2000
Fort Dix, NJ 08640

Dear Mr. Coley:

Mr. Savino gave me the letter and other papers you sent to him. I am not in his firm, just rent some of his space. I don't have easy access today to my file today, so if my scheduled jury trial does not start I'll send a response on Monday. If you file a formal disciplinary complaint I won't be able to help you, so please wait a bit. Thank you.

Very truly yours,

THOMAS R. QUINN



Leroy Coley #04183-015
Federal Correctional Institute
P.O. Box 2000 5812 West
Ft. Dix, New Jersey 08640

CLERK OF COURT
U.S District Court
844 N. King St, Lockbox 18
Wilmington, Delaware 19801-3570

Leroy Coley # 04183-015
FCI Ft. Dix
P.O. Box 2000 /5812 West
Ft. Dix, New Jersey 08640


To: CLERK OF COURT    ( Civ. Action No. 06-85-(JJF)


Clerk,

I recieved Dismissal on Sept. 26, 2007. Please note it on court docket.

I appreciate your help in this matter.


9/27/07



FILED

OCT - 3 2007

U        COURT
DIST        ELAWARE

BD Scanned