IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY COLEY, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 06-85-JJF |
| JOHN NASH, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**O R D E R**

Petitioner Leroy Coley's "Motion for Reconsideration" will be denied. (D.I. 38.) A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del.

1990).

On September 17, 2007, the Court dismissed Petitioner's federal habeas application in its entirety after determining that three claims were procedurally barred and one claim failed to present an issue cognizable on Federal habeas review. (D.I. 34; D.I. 35.) In his Motion for Reconsideration, Petitioner contends the Court erred in denying Claims One, Three, and Four as procedurally barred because the Court should have stayed the habeas proceeding to enable Petitioner to exhaust state remedies. (D.I. 38, at pp. 2-5.) The Court already addressed the issue of a stay and why such action was inappropriate in its Memorandum Opinion. Further, Petitioner's Motion for Reconsideration fails to identify a cause sufficient to justify his default of Claims One, Three, and Four in the Delaware State Courts.

Petitioner also contends that he is entitled to Federal habeas relief because there was insufficient evidence to support his conviction and his attorney provided ineffective assistance. (D.I. 38.) This argument merely restates the arguments raised in Claims Three and Four of the Petition, and therefore, the Court will not address it again.

To the extent Petitioner suggests that the Court committed a clear error of law, the Court is unpersuaded. Accordingly, the Court concludes that Petitioner's Motion does not warrant reconsideration of its decision.

Now Therefore, It Is Hereby Ordered that Petitioner's Motion For Reconsideration (D.I. 38.) is **DENIED**.

_____January 3, 2008_____                    _____/s/ Joseph J. Farnan, Jr._____
             DATE                                              UNITED STATES DISTRICT JUDGE